1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

7    ALBERTO GONZALEZ,                                    CASE NO. 1:10-CV-00107-DLB PC

8                          Plaintiff,                     ORDER DISMISSING ACTION FOR
                                                          FAILURE TO OBEY COURT ORDER
9          v.
                                                          (DOC. 18)
10   JAMES D. HARTLEY, et al.,

11                         Defendants.

12   _____/

13          On May 6, 2011, the Court issued an order for Plaintiff to show cause why this action

14   should not be dismissed for failure to obey a court order, within thirty (30) days.  The thirty (30)-

15   day period has now expired, and Plaintiff has not shown cause or otherwise responded to the

16   Court's order.

17          Local Rule 110 provides that "failure of counsel or of a party to comply with these Local

18   Rules or with any order of the Court may be grounds for the imposition by the Court of any and

19   all sanctions . . . within the inherent power of the Court."  District courts have the inherent power

20   to control their dockets and "in the exercise of that power, they may impose sanctions including,

21   where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th

22   Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute

23   an action, failure to obey a court order, or failure to comply with local rules. *See*, *e.g.*, *Ghazali v.*

24   *Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); *Ferdik v.*

25   *Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

26   requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir.

27   1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court

28   apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal

1    for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir.

2    1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

3       In determining whether to dismiss an action for lack of prosecution, failure to obey a

4    court order, or failure to comply with local rules, the court must consider several factors: (1) the

5    public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

6    (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

7    their merits; and (5) the availability of less drastic alternatives.  *Thompson*, 782 F.2d at 831;

8    *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61;

9    *Ghazali*, 46 F.3d at 53.

10       In the instant case, the Court finds that the public's interest in expeditiously resolving this

11    litigation and the court's interest in managing the docket weigh in favor of dismissal.  The third

12    factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of

13    injury arises from the occurrence of unreasonable delay in prosecuting an action.  *Anderson v. Air*

14    *West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition

15    of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed

16    herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in

17    dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262;

18    *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's order expressly stated,

19    "Failure to timely respond or otherwise show cause will result in dismissal of this action."  Thus,

20    plaintiff had adequate warning that dismissal would result from his noncompliance with the

21    court's order.

22       On February 24, 2010, Plaintiff filed a written consent to jurisdiction of the U.S.

23    Magistrate Judge.

24       Accordingly, the court HEREBY ORDERS that this action be dismissed based on

25    plaintiff's failure to obey the court's order of May 6, 2011.

26       IT IS SO ORDERED.

27      **Dated:   July 8, 2011**         **/s/ Dennis L. Beck**
                              UNITED STATES MAGISTRATE JUDGE

28